UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| **BENJAMIN PRITTS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 4:08-CV-56-AS-APR |
| | ) | |
| **BALL METAL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On August 8, 2008, Plaintiff Benjamin Pritts ("Plaintiff" or "Mr. Pritts") brought suit against his former employer, Defendant Ball Metal Corporation ("Defendant"), alleging sexual harassment/discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. (Doc. No. 1). On November 10, 2008, Defendant filed a Motion to Dismiss (Doc. No. 8) which was converted into a Motion for Summary Judgment with proper notice provided to the parties on December 8, 2008. (Doc. No 12). Mr. Pritts responded to the Motion for Summary Judgment (Doc. Nos. 14 and 15), to which Defendant replied. (Doc. No. 18).

The only issue before this Court is whether Mr. Pritts filed his complaint within ninety (90) days of receiving his Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). A hearing on the motion was not held, since this Court may not assess the credibility of witnesses to decide a motion for summary judgment, and the Court cannot grant the motion where, as here, there exists a genuine issue as to a material fact. *See Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986).

# I. STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of genuine issue of material fact. *Celotex Corp.*, 477 at 323. Once this burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment is proper.

# II. FACTUAL BACKGROUND

Mr. Pritts began his employment with Defendant in 1992, and worked at Defendant's facility in Monticello, Indiana until his termination in August 2006. (Complaint, Statement of Claims, ¶ 2). Thereafter, Mr. Pritts filed a charge of discrimination with the EEOC on or about October 30, 2006.

(Doc. Nos. 9-2 and 18-6, Charge of Discrimination). The EEOC confirmed the filing of Mr. Pritts' charge of discrimination in a letter dated October 30, 2006, advising Mr. Pritts to notify the EEOC "of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge." (Doc. No. 18-5). Again the EEOC contacted Mr. Pritts by letter dated November 20, 2006, to inform him that his charge had been assigned to a federal investigator, and reminding him that "[if he has] changed [his] address or telephone number since [he] filed [his] charge, please provide [his] current address and phone number, or a contact person through which [he] can be reached." (Doc. No. 18-5). Ultimately, the EEOC sent Mr. Pritts a letter dated March 10, 2008 informing him that the EEOC had declined to file a civil action (Doc. No. 18-2), and enclosing a Notice of Right to Sue also dated March 10, 2008. (Doc. Nos. 9-3 and 15, Notice of Right to Sue). All of the aforementioned letters were sent to Mr. Pritts' address as provided on his original charge of discrimination: 7911 East Dale Court, Monticello, Indiana, 47960 ("Monticello address").

The EEOC's file for Mr. Pritts also contains an envelope, the importance of which cannot be mistaken. The envelope from the EEOC's file is addressed from the EEOC to a 47960 address, and is post-marked March 10, 2008, subsequently marked "not deliverable as addressed" on March 12, 2008 by the U.S. Post Office, and also stamped "received" on March 13, 2008 by the EEOC Indianapolis District Office. (Doc. Nos. 14 and 18-3, Envelope). In essence, the contents of the envelope (presumably the EEOC's March 10 letter and Notice of Right to Sue), failed to reach its intended destination (presumably Mr. Pritts at his Monticello address).

Mr. Pritts filed his complaint with this Court on or about August 8, 2008, and attests that he did not receive the Notice of Right to Sue until May 14, 2008. Mr. Pritts supports his position

3

regarding his delayed receipt of the Notice, by the fact that his Notice is stamped "copy" (Doc. No. 15, p. 3), whereas the Defendant's Notice submitted to the Court is not stamped "copy". (Doc. No. 9-3). Both Notices list the same Monticello address for Mr. Pritts. If Mr. Pritts actually received the May 14 Notice, and not the March 10 Notice, through no fault of his own, then he argues that his complaint was timely filed 86 days thereafter.

### III. ANALYSIS

The Defendant argues that summary judgment should be granted on Mr. Pritts' sexual harassment, hostile work environment, and retaliation claims because he did not file his lawsuit within ninety (90) days of receipt of the EEOC's Notice of Right to Sue. Pursuant to Title VII, a plaintiff must file suit within ninety days after the giving of the EEOC's notice that a civil action may be brought. 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit has determined that actual receipt of the notice is required to start running the 90-day clock. *Reschny v. Elk Grove Plating Co.,* 414 F.3d 821, 823 (7th Cir. 2005) (citing *Archie v. Chicago Truck Drivers*, 585 F.2d 210, 216 (7th Cir. 1978)). The ninety-day filing deadline is a "'condition[ ] precedent,' similar to statutes of limitations . . ." *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991). Thus, a defendant's argument that a discrimination claim is untimely because it was filed outside the 90-day statute of limitations is an affirmative defense. *Del Korth v. Supervalu, Inc.*, 46 F.App'x 846 (7th Cir. 2002) (citing Fed.R.Civ.P. 8(c); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). As such, the Defendant bears the burden of establishing that Mr. Pritts failed to file his lawsuit before the ninety day deadline. *See*, *Salas v. Wisconsin Department of Corrections,* 493 F.3d 913, 922 (7th Cir. 2007) (noting that the defendant bears the burden of establishing an affirmative defense, and with inconclusive evidence at best, the tie goes to the plaintiff).

While it is true that the statute starts to run on the day that the claimant receives actual notice of his right-to-sue, *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001), when the claimant does not receive the notice in a timely fashion due to his own fault, the "actual notice" rule does not apply. *Bobbitt v. Freeman Companies, Inc.*, 268 F.3d 535, 538 (7th Cir. 2001) (citing *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984)). Moreover, "the law presumes timely delivery of a properly addressed piece of mail." *Bobbitt*, 268 F.3d at 538 (citation omitted). The rational behind the "actual notice" rule is that a claimant should not loose the right to sue because of "events beyond his or her control which delay receipt of the EEOC's notice." *Bobbitt*, 268 F.3d at 538 (citing *St. Louis*, 744 F.2d at 1316).

The date on which Mr. Pritts actually received the Notice of Right to Sue is a "material fact," and there is an obvious disagreement concerning this date between the Defendant, who relies on the EEOC's properly addressed letter, Notice, and envelope post-marked March 10, 2008, and the Plaintiff, who relies on his affidavit that he did not receive the letter and Notice until May 14, 2008 and an envelope showing that whatever was mailed by the EEOC on March 10, presumably the March 10 Notice, was not delivered to Monticello, but instead was returned to the EEOC Indianapolis District Office on March 13. A court might be able to find Mr. Pritts incredible as a matter of law if his current story were irrefutably contradicted by documentary evidence. *Stewart*, 790 F.2d at 628 (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983)). Yet, the envelope produced supports Mr. Pritts' position and sworn testimony of his non-receipt of the original March Notice.

Even assuming Mr. Pritts filed his complaint too late, this is not enough to carry the Defendant's burden. *See Reschny*, 414 F.3d at 823 (when the notice is delayed by fault of the

5

plaintiff, the constructive receipt doctrine applies and the 90-day clock starts running once delivery is attempted at the last address provided) (citing *St. Louis*, 744 F.2d at 1350). Importantly, there is no evidence that the non-receipt was the fault of the Plaintiff, such as his failing to provide the EEOC with a change of address. There is seemingly no explanation as to why the original Notice was returned to the EEOC as undeliverable; yet, the subsequent "copy" of the Notice was received by Mr. Pritts, and yet, both Notices were sent to the same Monticello address. Certainly, no evidence presented by the parties in this case suggests that Mr. Pritts can be faulted for failure to receive the Notice and letter sent on March 10, especially when it could not be delivered at the Monticello address for reasons unknown. Further, the record does not support an inference that Mr. Pritts had any notice that such a delivery was attempted. Accordingly, summary judgment on the ninety (90) day limitations period is improper where the issue is disputed.

## IV.  CONCLUSION

Based on the foregoing, Defendant Ball Metal Corporation's Motion for Summary Judgment (Doc. No. 8) is **DENIED**.

**SO ORDERED.**

**DATED: March 18, 2009.**

                                                            /s/ ALLEN SHARP  
                                        **ALLEN SHARP, JUDGE**  
                                        **UNITED STATES DISTRICT COURT**